WILLIAM F. RITTER, IV
Texas SBN 16955500
8350 N. Central Expressway, Suite 1310
Dallas, Texas 75206-1639
T 214.724.5364
F 214.373.3455
william@ritterlawworks.com
ATTORNEY FOR DEBTORS
ERIC AND LEAH GORMLY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ERIC KEVIN GORMLY | § | CASE NUMBER 15-31502-HDH-7 |
|   Address:  7216 Alto Caro Dr. | § | |
|               Dallas, TX 75248 | § | |
|   Last four digits of Social-Security or | § | |
|   Individual Taxpayer Identification | § | |
|   (ITIN) No(s).,(if any):  1505 | § | |
| | § | |
| LEAH MARIE GORMLY | § | |
|   Address:  7216 Alto Caro Dr. | § | |
|               Dallas, TX 75248 | § | |
|   Last four digits of Social-Security or | § | |
|   Individual Taxpayer Identification | § | |
|   (ITIN) No(s).,(if any):  8077 | § | |
| | § | |
|         DEBTORS | § | |

**APPLICATION FOR AN ORDER TO SHOW CAUSE**
**AND MOTION FOR SANCTIONS**

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

      ERIC GORMLY and LEAH GORMLY (''Applicants''), the debtors in this bankruptcy case, furnish the following information to the Court to determine if whether an Order to Show Cause should be issued relating to personal property interests of the estate and of the debtors:

   1.  Debtors filed a petition for relief under Chapter 7 on 4/6/2015. Prior to filing this bankruptcy case, Debtors had filed for relief pro se under Chapter 13 in which the Chapter 13 Trustee filed a motion to dismiss for eligibility.

   2.  The Meeting of Creditors in this case was held 6/10/2015. The Trustee assigned to the case is Jeffrey H. Mimms. The Trustee filed a no-asset report on 6/16/2015.

3. Debtor Eric Gormly is an attorney licensed to practice law and prior to filing this case had an office located at 6211 W Northwest Hwy, Ste 251A, Dallas, TX 75225 ("Premises"). The landlord for the Premises, Richard Wells ("Landlord"), locked out the Debtor from the Premises prior to the filing of this bankruptcy case.

4. Debtor formed Gormly Law Group PLLC ("PLLC") for the purpose of conducting his law practice as a corporate entity. Debtor is the sole owner and shareholder of PLLC.

5. Debtors listed on their schedules as filed with this Court the PLLC's assets on the Premises at the time of the lockout:

> Schedule B, Line 13
> The Gormly Law Group PLLC - 100% interest in tools, equipment, books and apparatus located at 6211 W Northwest Hwy, Suite 251A, Dallas, TX 75225
> Assets include: office supplies, reference books and manuals, small equipment and peripherals, furnishings, and furniture consisting of a desk, 2 chairs, computer desk, credenza, and 3 bookcases.

Other property belonging to the Debtor on the Premises at the time of the lockout included Debtor's law license and other miscellaneous personal items.

6. Debtors listed on their schedules their claim against Landlord as filed with this Court:

> Schedule B, Line 21
> Claim on behalf of Debtor individually and on behalf of Debtor's LLC against Richard Wells, Real Estate Arbitrage Partners, LLC and their agents for breach of contract and claims arising from the use, denial of use, concerning commercial lease for office space at 6211 W Northwest Hwy, Dallas, TX

7. Debtors disclosed on their Statement of Financial Affairs property belonging to a client which was on the Premises at the time of the lockout:

> Statement of Financial Affairs, Question 14
> Property Held for Another Person
> Name of Owner: James Scott
> Description and Value of Property: Original painting by W. Merritt Post valued by James Scott at $10,000
> Location of Property: Lease space of Gormly Law Office, PLLC, 6211 W Northwest Hwy, Suite 251A, Dallas, TX 75225

8. Debtors ' bankruptcy case filing operates as an automatic stay, 11 U.S.C. § 362(a), of the following (in relevant part):

> ...
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

>   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

   9.  Despite demand for release all assets used for business, personal items, and the property belonging to Mr. Scott, Landlord has failed and refused to allow Debtor to retrieve the property. Additionally, Landlord has continued to receive mail for the debtor at the Premises and despite promise made by Landlord attorney to deliver the mail to debtor's attorney, neither debtor nor debtor's attorney has received the mail. The mail is vitally important to Debtor's practice, his clients, and his livelihood. Landlord's conduct is a willful violation of the automatic stay

   10. Debtors seek immediate release of all property held by Landlord belonging to the bankruptcy estate, the debtor, and debtor's client.

   A. Landlord continues to exercise control over property of the estate in violation of the automatic stay. The deadline to object to debtors' exemptions has not run and all property of the debtor continues to be property of the estate.

   B. Similarly, the enforcement of a landlord lien against property of the estate or property of the debtor violates the automatic stay.

   C. And, Landlord's exercise over personal property, property used in business, and the property of debtor's client, appears to be an attempt by the Landlord to collect on a claim against the debtor that arose before the commencement of the case.

   11. Debtors request an Order issued by this Court directed to Richard Wells to show cause why he should not be sanctioned and held in contempt of Court for violation of the automatic stay.

   12. Debtors seek damages as may be appropriate and determined by this Court pursuant to 11 U.S.C. § 362(k)(1):

>   … an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

   13. Debtors have been injured by Landlord's refusal to release property and request attorney fees and expenses incurred in connection with this Application in an amount no less than $1,500.00 and punitive damages.

   WHEREFORE, Applicants pray this Court enter an Order directing Richard Wells to appear and show cause why an order should not be entered for the matters requested herein, that citation and notice issue, and for any and all other orders the Court may deem just and right.

Dated: July 13, 2015                                     Respectfully submitted,

                                                         WILLIAM F. RITTER, IV
                                                         8350 N. Central Expressway, Suite 1310
                                                         Dallas, Texas 75206-1639
                                                         T 214.724.5364
                                                         F 214.373.3455
                                                         william@ritterlawworks.com

By:     /s/ William F. Ritter, IV
WILLIAM F. RITTER, IV
State Bar No. 16955500

ATTORNEY FOR DEBTORS
ERIC AND LEAH GORMLY

**CERTIFICATE OF CONFERENCE**

The undersigned attorney certifies the following attempts made to confer:

6/11/2015 – emailed copy of the foregoing document to Allen Landerman, the attorney for Real Estate Arbitrage Partners, LLC and Richard Wells and received email reply requesting conference on 6/12.
6/12/2015- placed a phone call to Mr. Landerman but was unable to leave a message, followed by email to Mr. Landerman, received email reply requesting conference on 6/15.
6/15/2015- emailed Mr. Landerman, received email reply requesting conference after 6/18.
6/22/2015- emailed Mr. Landerman, no reply received.

A conference was not held and it is impracticable to confer prior to filing this motion for the reason that the deadline for objecting to discharge, and the anticipated closing date, for this case is today 7/13/15. The motion is presumed to be opposed.

 /s/ William F. Ritter, IV
WILLIAM F. RITTER, IV

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Motion was served by ELECTRONIC CASE NOTIFICATION and/or FIRST CLASS MAIL, POSTAGE PREPAID on:

Debtors
Eric and Leah Gormly

Chapter 7 Trustee
Jeffrey H. Mimms

United States Trustee; and

All parties requesting notice and service of papers

on July 13, 2015.

 /s/ William F. Ritter, IV
WILLIAM F. RITTER, IV