WILLIAM F. RITTER, IV
Texas SBN 16955500
8350 N. Central Expressway, Suite 1310
Dallas, Texas 75206-1639
T 214.724.5364
F 214.373.3455
*william@ritterlawworks.com*
ATTORNEY FOR DEBTORS
ERIC AND LEAH GORMLY

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ERIC KEVIN GORMLY** | § | **CASE NUMBER 15-31502-HDH-7** |
|   **Address:  7216 Alto Caro Dr.** | § | |
|            **Dallas, TX 75248** | § | |
|   **Last four digits of Social-Security or** | § | |
|   **Individual Taxpayer Identification** | § | |
|   **(ITIN) No(s).,(if any):  1505** | § | |
| | § | |
| **LEAH MARIE GORMLY** | § | |
|   **Address:  7216 Alto Caro Dr.** | § | |
|            **Dallas, TX 75248** | § | |
|   **Last four digits of Social-Security or** | § | |
|   **Individual Taxpayer Identification** | § | |
|   **(ITIN) No(s).,(if any):  8077** | § | |
| | § | |
|       **DEBTORS** | § | |

### BRIEF IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER TO SHOW CAUSE
### AND MOTION FOR SANCTIONS

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

      ERIC GORMLY and LEAH GORMLY (''Applicants''), the debtors in this bankruptcy case file this Brief in Support of Debtor's Application for an Order to Show Cause and Motion for Sanctions and in support would show:

### BACKGROUND

1.   Debtors filed their petition for relief under Chapter 7 on 4/6/2015.
2.   Prior to filing this bankruptcy case, Debtors had filed a bankruptcy case under Chapter 13. That case was filed 11/3/2014 and was dismissed on 12/16/2014. The case number assigned by the court was 14-35314-BJH-13.

3. Debtors filed their Schedule of Exemptions on 4/6/2015. Debtors elected exemptions available 4state or local law and applicable federal law under 11 U.S.C. § 522(b). A copy of Debtors' Schedule C is the attached "Exhibit D-1."

4. The Meeting of Creditors in this case was held and concluded 6/10/2015. A copy of the continued meeting of creditors is the attached "Exhibit D-2."

5. The deadline for creditors to object to Debtors claim of exemptions was 7/10/2015. The Trustee filed a no-asset report. A copy of the Trustee Report is the attached "Exhibit D-3."

6. No creditors have objected to Debtors' claim of exemptions.

7. A Discharge Order was entered 7/16/2015. Attached "Exhibit D-4."

8. Debtor Eric Gormly is a licensed attorney. Prior to filing this bankruptcy case, and the prior bankruptcy case, debtor subleased office space located at 6211 W Northwest Hwy, Ste 251A, Dallas, TX 75225 ("Premises"). The sublease was made with Herb Hooks and his law firm, Herbert L. Hooks, P.C. and was to begin 10/1/2011. At the time, Hooks also had sublet space to two other law firms, excluding debtor and excluding Hooks. An unsigned copy of the Lease Agreement ("Lease") executed by the parties is the attached "Exhibit D-5."

9. Debtor also owns Gormly Law Group PLLC ("PLLC"). Debtor formed PLLC for the purpose of conducting his law practice as a corporate entity. Debtor is the sole owner and shareholder of PLLC.

10. Hooks is believed to have sold his practice sometime in 2014. The Premises is currently owned and managed by the purchaser, Richard Wells, and or one of his related entities ("Wells"). No contract has been made with Wells. Any and all rights, obligations and benefits to both debtor and Wells inure from the Lease made with Hooks.

11. Prior to debtor filing his first bankruptcy case, debtor was locked out from the Premises.

12. Debtor has made repeated demands for access to the Premises to retrieve office contents and mail, both after his first bankruptcy case filing and this bankruptcy case.

13. Prior to the lockout, debtor had retrieved some, but not all, of the property belonging to him. Debtor seeks to recover the remainder of the property ("Property").

14. The Property consists of those items identified and as claimed exempt in the debtors' schedules as follows:

> and personal belongings located at 6211 W Northwest Hwy, Dallas, TX 75225
> …
> The Gormly Law Group PLLC - 100% interest in tools, equipment, books and apparatus located at 6211 W Northwest Hwy, Suite 251A, Dallas, TX 75225
> Assets include: office supplies, reference books and manuals, small equipment and peripherals, furnishings, and furniture consisting of a desk, 2 chairs, computer desk, credenza, and 3 bookcases.

*See,* Exhibit D-1. The "personal belongings" include Debtor's law license and other miscellaneous personal items. Case files and mail belonging to the debtor and debtor's clients are also in Wells' possession.

15. The Property also includes original artwork belonging to a client of the debtor as identified on debtors' Statement of Financial Affairs:

> Statement of Financial Affairs, Question 14
> Property Held for Another Person

Name of Owner:  James Scott
Description and Value of Property:  Original painting by W. Merritt Post valued by James Scott at $10,000
Location of Property:  Lease space of Gormly Law Office, PLLC, 6211 W Northwest Hwy, Suite 251A, Dallas, TX 75225

16.  The Property also includes the following which was claimed exempt by the debtor:

Claim on behalf of Debtor individually and on behalf of Debtor's LLC against Richard Wells, Real Estate Arbitrage Partners, LLC and their agents for breach of contract and claims arising from the use, denial of use, concerning commercial lease for office space at 6211 W Northwest Hwy, Dallas, TX

*See,* Exhibit D-1.

17.  Debtors seek immediate release of the Property and request an Order issued by this Court directed to Richard Wells to show cause why he should not be sanctioned and held in contempt of Court for violation of the automatic stay.

**ARGUMENT AND AUTHORITIES**

*A.  Violation of the automatic stay*

18.  The commencement of a bankruptcy case creates an estate encompassing all legal and equitable interests in property of the debtor as of the petition date, including any property that might potentially be exempt. 11 U.S.C. § 541(a). The debtor may then exempt certain property from the bankruptcy estate by claiming either the federal exemptions provided by § 522(d), or any other exemptions provided by applicable federal, state, or local law. 11 U.S.C. § 522(b). In assessing a debtor's claimed exemptions, the court must look to state law to interpret the state exemption rights. *Bradley v. Pacific Southwest Bank (In re Bradley),* 121 B.R. 306, 312 (Bankr.N.D.Tex.1990), rev'd on other grounds, 960 F.2d 502 (5th Cir.1992), cert. denied sub. nom., *Commonwealth Land Title Ins. Co. v. Bradley*, 507 U.S. 971 (1993); see also, *In re Moody*, 77 B.R. 580, 590 (S.D.Tex.1987) ["Bankruptcy courts must resort to state law for an interpretation of state exemption rights in homesteads."], aff'd *Matter of Moody*, 862 F.2d 1194 (5th Cir .), cert. denied, *Moody v. Smith*, 503 U.S. 960 (1992). The facts and law existing as of the date of the petition govern a debtor's claimed exemptions. *Zibman v. Tow*, 268 F.3d 298, 302 (5th Cir.2001); *Hrncirik v. FarmersNat'l Bank (In re Hrncirik)*, 138 B.R. 835, 839 (Bankr.N.D.Tex.1992). Because the Debtor in this case selected the Texas state law exemptions, the Court must look to Texas law existing on the petition date.

19.  Debtors ' bankruptcy case filing operates as an automatic stay of the following:

… (5) any act to create, perfect, or enforce against *property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

U.S.C. § 362(a)(5) and (6); (*emphasis added*). Use of the term "property of the debtor" in this section, in order to be given meaning, should be distinguished from "property of the estate" as that term is used elsewhere within § 362.

20. The Property is property of the debtors as debtors' claim of exemptions has not been contested. It is not property of the estate. Wells' lien arose before the commencement of the first bankruptcy case and the current bankruptcy case. By withholding the Property from the debtors, Wells is enforcing a claim or a lien that arose before the commencement of the case in violation of the automatic stay.

### B. Wells' landlord lien is invalid and unenforceable

21. Landlord commercial lien rights may be consensual or statutory. *See generally, Liens for the Commercial Landlord*, 39 Baylor L. Rev. 523, 523-535 (Spring 1987). A consensual lien is one agreed to by the parties. There is no consensual lien as is apparent from the Lease. See, Exhibit D-5.

#### 1. Well's landlord lien has terminated

22. Statutory landlord lien rights pertaining to commercial buildings are found in Texas Property Code §§ 54.021 – 54.024. A landlord of a commercial building has a preference lien on the property of the tenant or subtenant for past due rent. Tex. Prop. Code Ann. § 54.021. If the past due rent is more than six months, the lien is unenforceable unless the landlord files a lien statement with county records. Tex. Prop. Code Ann. § 54.022. The lien exists while the tenant occupies the building and until one month after the day the tenant abandons the building. Tex. Prop. Code Ann. § 54.024. As discussed more fully below, the landlord lien terminated 30 days after the date of lockout.

#### 2. Debtors' Property is exempt

23. Statutory landlord lien rights do not affect debtor exemption rights. Tex. Prop. Code Ann. § 54.023. The application of exemption laws, however, appears to be split in Texas. *See, Segraves v. Weitzel,* 734 S.W.2d 773, 774 (Tex.App.-Fort Worth 1987). After considerable review of the tools of the trade exemption by which debtor claims exempt most of the contents of his office, the Fort Worth Court of Appeals adopted a restrictive view in the interpretation of Tex. Prop. Code Ann. § 42.002(3)(B). *Id* at 776. The plaintiff in *Segraves* brought an action for wrongful execution of personal property and after trial to a jury was awarded $800 for actual damages. The property seized consisted of "desks, a storage cabinet, chairs, a lamp, a file cabinet, tables, a basket a brass clock, and storage bins." *Id* at 774. The Court attempts to classify various decisions as "liberal" or "restrictive" in an apparent attempt to distance itself from the bankruptcy courts and the "liberal" view adopted in *In re England*, 22 B.R. 389 (Bankr.N.D.Tex.1982), *inter alia*, and recalling the earlier bankruptcy case of *In re Kessler*, 2 F.2d 284, 285 (N.D.Tex.1924) (safe used to store watches and jewelry brought in for repair was not exempt noting item must be "peculiarly essential" to the trade or profession). *Segraves* also considered a 1924 decision from the Texas Commission of Appeals, Section A concerning an attorney that had been suspended from the practice of law in all courts of the State of Texas. *McBrayer v. Cravens, et al.*, 265 S.W. 694 (Tex.Comm'n.App.Sec.A-1924). The commission upheld the trial court finding the property seized to be

exempt stating "the books, bookcases, desk, filing cabinet, chairs and rugs … were necessary and proper equipment … for the practice of law." *Id* at 694. In *Segraves* the Court announced without elaboration the "restrictive view prevails in Texas." *Id* at 776. It is apparent the application of the exemption laws continues to be a case by case, fact specific approach with a split of authority from this Bankruptcy Court District's *England* decision and cases following *England.*

24. *In re England* involved a debtor's claim of exemption and lien avoidance action against a non-possessory, non-purchase money security interest in a "five and a half ton fully automated screw machine having a value between $9,000 and $12,000." *England* at 390. Judge Flowers recognized changes in the language of the statute indicate intent to "broaden the category of exempt items." *Id* at 391. After review of the case law interpreting "belonging to a trade or profession" and contrasting the change of terms to "used in a trade of profession," Judge Flowers concluded that the exemption covers not only property that is essential to conducting the business in the trade or profession.

25. Expanding and following *In re England* and decided *after Segraves* is another Northern District Bankruptcy decision, *In re Legg*, 164 B.R. 69 (Bankr.N.D.Tex.1994). Judge Akard notes "this use test in *England* … seems to have been utilized, *although not expressly stated" (emphasis added)* and finds that test is appropriate in this case which involved a fertilizer business and heavy equipment used in the business. *Id* at 73.

26. It is interesting to note that while the Northern District Bankruptcy Courts have found exemption of heavy equipment in a printing business and a fertilizer business, the Fort Worth Court of Appeals denies the villainous architect that moved to Florida his office contents. Debtor believes the use test, adopted and applied in this Bankruptcy Court District, is the appropriate standard and that all contents of the office used in providing legal services should be exempt. *See*, s*upra, In re England; In re Legg.*

### 3. *Debtor is entitled to immediate possession of the Property*

27. Landlord lockout rights are found in Texas Property Code § 93.002. A commercial landlord may change the locks of a tenant that is past due on rents. Tex. Prop. Code Ann. § 93.002(c)(3). A tenant is presumed to have abandoned the premises if property has been removed indicating a probable intent to abandon the premises not within normal business hours. Tex. Prop. Code Ann. § 93.002(d). A landlord may remove and store any property that remains on the premises and dispose of the stored property after notice stating the landlord's intent to dispose of the property within 60 days of the date the property is stored *and if* the tenant does not claim the property. Tex. Prop. Code Ann. § 93.002(e).

28. Debtor has made repeated claims for the Property both in the prior bankruptcy case and subsequently. Wells was unable to attend the first setting on the debtors' Application for Show Cause Order and Motion for Sanctions due to travel. All subsequent settings have been reset at the request of counsel for Wells, Allen Landerman, based on medical necessity of either himself or his wife. Debtor's counsel has accommodated these requests however upon the last request notified Landerman there would be no more resets or accommodation made.

29. The value of the Property does not have significant monetary value except for the original artwork belonging to debtor's client, James Scott. Return of the artwork was discussed with Landerman prior to the first meeting of creditors set in this case on 5/12/2015. Landerman disputed the value of

$10,000 and disputed debtor's claim that it belonged to James Scott. James Scott appeared at the second meeting of creditor's; however, Landerman did not attend. A copy of email correspondence confirming James Scott's appearance is the attached "Exhibit D-6." Prior to the meeting of creditors, Mr. Scott informed debtor counsel the artwork belonged to his grandmother and that it had been gifted to her from Tony Dow, a cast member from the television comedy show Leave it to Beaver. Aside from the original artwork, the remainder of the Property is valued by the debtors on their schedules at $3,500.00, although this may be overstated. *See,* Exhibit D-1. And, as Landerman stated to the undersigned counsel, the desk "may have been damaged" when it was moved to storage. The date the Property was moved has not been shared with debtor. No notice has been given or received of Wells' intent to dispose of the Property.

### C. Show cause authority

30. This Court has authority under 11 U.S.C. § 105(a) to issue "any order … necessary or appropriate to carry out the provisions of this title." The power to issue show cause orders was found in *In re Parsley*,384 B.R. 138 (Bankr.S.D.Tex.2008). In an attempt to examine attorney conduct, Judge Bohm issued two show cause orders in an attempt to determine whether attorneys practicing before it should not be sanctioned for their conduct in the filing of groundless or frivolous pleadings under Rule 9011. In light of corrective action taken, Judge Bohm did not sanction the law firms after the first show cause order. *Id* at 182-183. The Massachusetts Bankruptcy Court has also seen fit to issue a show cause order in an attempt to secure compliance with provisions of the Bankruptcy Code with regard to reaffirmation agreements. *Bank of Boston v. Wallace*, 218 B.R. 654 (D.Mass.1998).

31. In the case at bar, Wells has failed and refused to allow debtor to recover the Property as allowed by the Texas Property Code despite repeated demand for release of the Property and despite the filing of this application and motion. Wells has made no attempt to seek relief from the automatic stay or otherwise determine the legitimacy of its claim or interest in the Property it now holds. Wells continues to receive mail for the debtor at the Premises and despite promise made by Landerman to deliver the mail to debtor's attorney, neither debtor nor debtor's attorney has received the mail. Debtor has submitted change of address notices to the post office, however, the nature of the mail delivery being made to an office suite of attorneys in a larger commercial building with three floors of commercial tenants, the change of address notices have not been effective for obvious reason. And with regard to property that does not even belong to the debtor, despite demands made by debtor's client, James Scott, and by debtor and by debtor's counsel, Wells has refused to release the original artwork to Mr. Scott. Lastly, debtor's law degree, license, and other personal items remain with Wells which is property belonging to the debtor. Enforcement of federal law, bankruptcy law, debtor's claim of exemptions, Texas law governing landlord conduct and landlord liens, and the protection of the rights made available to the debtor by virtue of the automatic stay are important for the respect and preservation of this Court's authority in administering federal bankruptcy law.

### D. This Court has authority to award damages for the Wells' willful violation of stay and to enforce compliance with bankruptcy law, Texas law and this Court's authority by contempt.

32.  An individual injured by a willful violation of the automatic stay may recover actual damages, costs, attorney fees and in appropriate circumstances, punitive damages, which requires egregious intentional misconduct on the violator's part under 11 U.S.C. § 362(k). *Repine v. Repine* (In re Repine), 536 F.3d 512, 521-522 (5th Cir.2008). The attitude of Wells is contemptible for the reasons expressed above. Wells employed the services of Landerman, another attorney within the suite and whom debtor is familiar, in what appears to be a program of delay and deny. Wells has had notice of debtor's claim to the Property since 12/26/2014 made during the pendency of debtor's first bankruptcy case filing. Wells was again notified by letter dated 4/7/2015. Debtor counsel has numerous phone calls, phone messages, missed conferences, and requests for rescheduling with Landerman. And, after review of the record, it does not appear that Landerman has even filed a response to this application. Wells has not appeared or communicated with debtor counsel for anything other than a reset. Wells has not presented any documents to this court, or the prior bankruptcy court, asserting or attempting to enforce his interest in the Property. But rather, Wells has been unresponsive, uncommunicative, and has engaged the services of an attorney to engage in a pattern of delay and deny. As a result of Wells' conduct, debtor has experienced loss of business, difficulty with clients, loss of use of the Property, and mental anguish and emotional distress. A copy of selected correspondence with Landerman is the attached "Exhibit D-7."

33.  Debtors request this Court sanction Wells for its conduct and award one month's rent of $850, reasonable attorney's fees, and court costs pursuant to Tex.Prop.Code Ann. § 93.002(g)(2) or award actual damages, attorney's fees, court costs, mental anguish damages and punitive damages under 11 U.S.C. § 362(k).


WHEREFORE, Debtors pray this Court enter an Order directing Richard Wells to appear and show cause why an order should not be entered for the matters requested herein, that citation and notice issue, and upon hearing find Richard Wells in contempt of court and award damages as plead herein and for any and all other orders the Court may deem just and right.


Dated: December 17, 2015                           Respectfully submitted,

                                                   WILLIAM F. RITTER, IV
                                                   8350 N. Central Expressway, Suite 1310
                                                   Dallas, Texas 75206-1639
                                                   T 214.724.5364
                                                   F 214.373.3455
                                                   *william@ritterlawworks.com*

                                                   By:       /s/ William F. Ritter, IV
                                                           WILLIAM F. RITTER, IV
                                                           State Bar No. 16955500

                                                   ATTORNEY FOR DEBTORS
                                                   ERIC AND LEAH GORMLY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served in the manner stated on:

Allen Landerman – via email and mail
ALLEN LANDERMAN, P.C.
16801 Addison Rd, Ste 125
Addison, TX 75001

Debtors – via mail
Eric and Leah Gormly

Chapter 7 Trustee – via ECF
Jeffrey H. Mimms

United States Trustee – via ECF

and all parties requesting notice and service of papers – via ECF

on December 17, 2015.

　　　　　　　　　　　　　　　　　　 /s/ William F. Ritter, IV
　　　　　　　　　　　　　　　　　　WILLIAM F. RITTER, IV

# EXHIBIT D-1

B6C (Official Form 6C) (4/13)

In re  **Eric Kevin Gormly**
**Leah Marie Gormly**

Case No. _____
(If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)

☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $155,675.*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| 7216 Alto Caro Dr, Dallas, Texas 75248 Homestead (2014 DCAD $227,950.00) | Const. art. 16 §§ 50, 51, Texas Prop. Code §§ 41.001-.002 | $36,270.77 | $227,950.00 |
| Televisions (2) Entertainment Center Stereo Receiver DVD Player VCR CD Player Record Player Speakers Sofa Recliner Coffee Tables End Tables Lamps Dinner Table Dining Chairs | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $3,500.00 | $3,500.00 |
| Piano Other Musical Instrument: Laptop Computers (2) and Peripherals Tablet Smartphone Cellular Phone | | | |
| Stove/Oven Dishwasher Microwave Refrigerator | | | |
| * Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment. | | **$39,770.77** | **$231,450.00** |

B6C (Official Form 6C) (4/13) -- Cont.

In re **Eric Kevin Gormly**          Case No. _____
      **Leah Marie Gormly**                            (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Freezer<br>Dresser<br>Armoire<br>Nightstand<br>Mirror<br>Bed<br><br>Dinnerware<br>Cookware<br>Utensils<br>Kitchen Supplies<br>Groceries<br>Linens<br>Towels<br><br>Household Cleaners<br>Household Tools<br>Household Supplies<br><br>Miscellaneous Household Goods<br>Plants<br><br>Books<br>CDs and Records<br>Heirloom Vases (6)<br>Framed Prints<br>Vintage Typewriter<br>Cameras<br>Pictures<br>Stamps<br>Art<br>Antiques (please specify)<br>Figurines<br>Statues<br>Sports Cards<br>Sports Memorabilia<br>Movies<br>Music | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $5,000.00 | $5,000.00 |
| | | **$44,770.77** | **$236,450.00** |

B6C (Official Form 6C) (4/13) -- Cont.

In re  **Eric Kevin Gormly**                                      Case No. _____
       **Leah Marie Gormly**                                                      (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 2*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| and personal belongings located at 6211 W Northwest Hwy, Dallas, TX 75225 | | | |
| Wearing Apparel<br>Accessories<br>Shoes | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(5) | $3,500.00 | $3,500.00 |
| Wedding Rings<br>Engagement<br>Watches<br>Fur Coats | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(6) | $2,500.00 | $2,500.00 |
| Shotgun<br>Jewelry making equipment (Torch, Tumblers, Pliers/Hammers) | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(7) | $1,500.00 | $1,500.00 |
| American Century | Tex. Prop. Code § 42.0021 | $800.00 | $800.00 |
| The Gormly Law Group PLLC - 100% interest in tools, equipment, books and apparatus located at 6211 W Northwest Hwy, Suite 251A, Dallas, TX 75225<br><br>Assets include: office supplies, reference books and manuals, small equipment and peripherals, furnishings, and furniture consisting of a desk, 2 chairs, computer desk, credenza, and 3 bookcases | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(4) | $3,500.00 | $3,500.00 |
| Claim on behalf of Debtor individually and on behalf of Debtor's LLC against Richard Wells, Real Estate Arbitrage Partners, LLC and their agents for breach of contract and claims arising from the use, denial of use, concerning commercial lease for office space at 6211 W Northwest Hwy, Dallas, TX | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(4)<br><br>Tex. Prop. Code § 42.001(b)(1)<br><br>Tex. Prop. Code § 42.001(d) | Unknown<br><br>Unknown<br><br>Unknown | Unknown |
| | | **$56,570.77** | **$248,250.00** |

B6C (Official Form 6C) (4/13) -- Cont.

In re  **Eric Kevin Gormly**                                      Case No. _____
       **Leah Marie Gormly**                                                (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 3*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| 2005 Chrysler 300 (47,500 miles) | Tex. Prop. Code §§ 42.001(a), 42.002(a)(9) | $14,500.00 | $14,500.00 |
| 2006 Chrysler Sebring (65,000 miles) | Tex. Prop. Code §§ 42.001(a), 42.002(a)(9) | $3,500.00 | $3,500.00 |
| Cats (2) | Tex. Prop. Code §§ 42.001(a), 42.002(a)(11) | $1.00 | $1.00 |
| | | **$74,571.77** | **$266,251.00** |

# EXHIBIT D-2

# 15-31502-hdh7 Continuance of meeting of creditors

From: **BKECF_LiveDB@txnb.uscourts.gov**
Sent:  Wed 5/13/15 9:53 AM
To:    Courtmail@txnb.uscourts.gov

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Mims, Jeffrey entered on 5/13/2015 at 9:51 AM CDT and filed on 5/13/2015

**Case Name:**          Eric Kevin Gormly and Leah Marie Gormly
**Case Number:**        15-31502-hdh7
**Document Number:**

**Docket Text:**
Continuance of meeting of creditors originally scheduled for 5/12/2015. To be continued on 6/10/2015 at 08:30 AM at Dallas 341 Rm 524. Debtor's attorney filing motion to dismiss, has not had contact with client since petition filed.. Debtor absent. Joint debtor absent. (Mims, Jeffrey)

The following document(s) are associated with this transaction:

**15-31502-hdh7 Notice will be electronically mailed to:**

Jeffrey H. Mims
JHMIMSTRUSTEE@chfirm.com, JMIMS@ecf.epiqsystems.com

William F. Ritter, IV on behalf of Debtor Eric Kevin Gormly
william@ritterlawworks.com, ecf@ritterlawworks.com

William F. Ritter, IV on behalf of Joint Debtor Leah Marie Gormly
william@ritterlawworks.com, ecf@ritterlawworks.com

United States Trustee

ustpregion06.da.ecf@usdoj.gov, albert.loftus@usdoj.gov

**15-31502-hdh7 Notice will not be electronically mailed to:**

# EXHIBIT D-3

# 15-31502-hdh7 Chapter 7 Trustee's Report of No Distribution

From:  **BKECF_LiveDB@txnb.uscourts.gov**
Sent:  Tue 6/16/15 12:50 PM
To:     Courtmail@txnb.uscourts.gov

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Mims, Jeffrey entered on 6/16/2015 at 12:49 PM CDT and filed on 6/16/2015
**Case Name:**        Eric Kevin Gormly and Leah Marie Gormly
**Case Number:**      15-31502-hdh7
**Document Number:**

**Docket Text:**
Chapter 7 Trustee's Report of No Distribution: I, Jeffrey H. Mims, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Meeting held and concluded. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned: $ 193832.01, Assets Exempt: $ 74571.77, Claims Scheduled: $ 881967.02, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 881967.02. (Mims, Jeffrey)

The following document(s) are associated with this transaction:

**15-31502-hdh7 Notice will be electronically mailed to:**

Jeffrey H. Mims
JHMIMSTRUSTEE@chfirm.com, JMIMS@ecf.epiqsystems.com

William F. Ritter, IV on behalf of Debtor Eric Kevin Gormly
william@ritterlawworks.com, ecf@ritterlawworks.com

William F. Ritter, IV on behalf of Joint Debtor Leah Marie Gormly
william@ritterlawworks.com, ecf@ritterlawworks.com

Steve Turner on behalf of Creditor Federal National Mortgage Association (Fannie Mae), Creditor c/o
Seterus, Inc.
ndecf@BDFGROUP.com, marshak@BDFGroup.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov, albert.loftus@usdoj.gov

**15-31502-hdh7 Notice will not be electronically mailed to:**

# EXHIBIT D-4

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

## Northern District of Texas
### Case No. <u>15–31502–hdh7</u>
### Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Eric Kevin Gormly
dba The Gormly Law Firm, PLLC
7216 Alto Caro Dr
Dallas, TX 75248

Leah Marie Gormly
7216 Alto Caro Dr
Dallas, TX 75248

Social Security / Individual Taxpayer ID No.:
   xxx–xx–1505                               xxx–xx–8077

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>7/16/15</u>                               <u>Harlin DeWayne Hale</u>
                                            United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# EXHIBIT D-5

# HERBERT L. HOOKS
## ATTORNEY AT LAW
A Professional Corporation
Preston Tower, Suite 251
6211 W. Northwest Highway
Dallas, Texas 75225

**Board Certified - Family Law**
**Texas Board of Legal Specialization**

**(214) 369-1171**
**Fax    (214) 369-1416**
e-mail  HerbHooks@aol.com

## LEASE AGREEMENT

This agreement is entered into between Herb Hooks, Owner, and Eric Gormly, tenant, for the lease of the center office and adjoining secretarial space for his exclusive use, and for the shared use of the common facilities, which includes the kitchen, conference and waiting rooms, and bathroom in Preston Tower for the term of 3 years at the rate of $875 a month, with a down payment to be made at the time of execution of this agreement which will apply to the first months' rent which will begin on October 1, 2011. Gormly has the right to access and use the offices from the date of this agreement.

Gormly shall have the right to use the copying machine, with the expense relating thereto for paper and maintenance to be shared equally with other attorneys who pay rent to Hooks for their offices. (Presently being Hooks, Marston Alexander, and Gary Bruggeman). All attorneys agree to make reasonable usage of the copier and agree to use outside copying for massive copying needs.

Hooks provides all maintenance for the offices. Gormly is responsible for his telephone, fax, signage and certificate of occupancy, if required.

Hooks reserves the right to sell the property during the term of this lease and either assign such lease to a new purchaser, or to terminate the same with reasonable notice to tenant.

Agreed to on the dates shown:

_____
Herb Hooks, Owner
July 5, 2011


_____
Eric Gormly, Tenant
Date:_____

# EXHIBIT D-6

Print Close

# 2012 and 2013 tax returns - 341 Meeting of Creditors notes

From: **William Ritter** (william@ritterlawworks.com)
Sent: Wed 6/10/15 11:58 AM
To: Eric Gormly (eric.gormly@gmail.com)

Hi Eric-

Just to follow up from this morning's creditors' meeting, you will email me your 2012 and 2013 tax returns so that I may deliver to the Trustee. You may redact the social secuity numbers (all except last 4 digits) prior to emailing.

The Trustee did not request any other documents so I believe once we produce the tax returns that will end his inquiry.

As for Richard Wells, your property, and the watercolor belonging to Jason Scott, I intend to pursue a motion for an order to show cause why Richard Wells should not be held in contempt of court for failure to release property of the bankruptcy estate or property belonging to Mr. Scott. The Trustee stated that with Mr. Scott's appearance and with your testimony, the Post watercolor is not property of the bankruptcy estate so I may not have standing to pursue sanctions against Wells for failure to return the watercolor to Mr. Scott. I think this point is arguable as you have an obligation to return the property to Mr. Scott but in order for Mr. Scott to pursue recovery of his property, he should seek his own counsel.

I think the meeting went very well, all things considered, and look forward to hearing from you. If you have any questions or concerns, please let me know

Bill


Bill Ritter, Attorney

William Ritter Law Office | Campbell Centre I - North Tower | 8350 N Central Expwy, Ste 1310 | Dallas, TX 75206
T 214.724.5364 | F 214.373.3455


http://ritterlawworks.com/

*Confidentiality Notice: This e-mail (including any attachments) may contain information that is private, confidential or protected by attorney-client or other privilege. It is intended solely for the use of the addressee(s) listed above. If you are not the intended recipient of this message, please do not print, copy or disclose this information. If you received this e-mail in error, please disregard it and delete it and any attachments from your system. Please also notify us by return email or by telephone at 214.724.5364 so that we may correct our records.*

# EXHIBIT D-7

**ALLEN LANDERMAN, P.C.**
Attorney-at-Law
6211 W. Northwest Highway, Suite C253C&D
Dallas, Texas 75225
469-287-7211
888-868-3979 (Fax)
allen@alpclaw.com

Allen Landerman

December 26, 2014

Via Facsimile 214-373-3455
Mr. William F. Ritter, IV
8350 N. Central Expressway, Suite 1310
Dallas, Texas 75206

Re: lease of Space in Suite 251A.

Dear Mr. Ritter:

Mr. Gormley is now three months behind on his rent. My client, based on Mr. Gormley's failure to pay the rent, considers Mr. Gormley to be in default of the lease and has breached his obligations under the lease. My client has decided enforce his landlord's lien on Mr. Gormley's property currently remaining in the space. He is welcome to pay that rent and retrieve his belongings. My client may be willing to consider that payment an end to the matter and not sue for breach of the lease and the resulting damages.

In view of the fact that Mr. Gormley wrongfully removed property from the leased premises, thereby hindering my client's landlord's lien, there is no way to verify the accuracy of the inventory attached to your letter. None of Mr. Gormley's remaining property has been removed from the leased premises.

Please discuss this matter with your client and getr back to me.

Sincerely,

/s/ Allen Landerman

Allen Landerman

cc: Real Estate Arbitrage Partners

# FAX TRANSMITTAL
## ALLEN LANDERMAN, P.C.
Attorney-at-Law
6211 W. Northwest Highway, Suite C253C&D
Dallas, Texas 75225
469-287-7211
888-868-3979 (Fax)
allen@alpclaw.com
December 26, 2014

TO:                214-373-3455

FROM:              Allen Landerman

Sent to:           William Ritter, IV

Subject:           Real Estate Arbitrage Partners, LLC, v. Gormley

No. of Pages       2, including cover sheet

Message:           Please see attached letter.



**WILLIAM F. RITTER, IV**
**Attorney**

Campbell Centre I - North Tower
8350 N Central Expressway
Suite 1310
Dallas, Texas
75206-1639

T 214.724.5364
F 214.373.3455
*wf.ritterlaw@yahoo.com*
www.ritterlawworks.com

February 2, 2015

Mr. Allen Landerman                          VIA CERTIFIED MAIL
Allen Landerman, P.C.                        RETURN RECEIPT REQUESTED
16801 Addison Rd, Ste 125                     AND FIRST CLASS MAIL
Addison, TX 75001

Mr. Allen Landerman                          VIA FIRST CLASS MAIL
Allen Landerman, P.C.
6211 W Northwest Hwy, Ste C253 C&D
Dallas, TX 75225-3460

Re:    *In re: Eric Kevin Gormly and Leah Marie Gormly, Debtors*; In the
       United States Bankruptcy Court for the Northern District of
       Texas, Dallas Division

Dear Mr. Landerman:

I have not had a reply to the email sent 1/23/2015 regarding your
inquiry into artwork claimed by a former client of Eric Gormly, James Scott.
Enclosed is a copy of the email. Also in my reply I had requested verification of
whether Mr. Gormly's property remains in the lease space.

I have been retained by Mr. Gormly to proceed with a petition for relief
under Chapter 7 of the Bankruptcy Code. If Mr. Gormly's property as identified
on the inventory previously provided to you is not made available for return to
Mr. Gormly, we are prepared to file a petition to set aside the seizure of
property as a preferential transfer. If the property has been sold, Mr. Gormly
will seek money damages.

Mr. Allen Landerman
February 2, 2015
Page 2

You are hereby placed on notice. Please advise your client accordingly.

Sincerely,


William F. Ritter, IV

cc: Eric and Leah Gormly



**WILLIAM F. RITTER, IV**
**Attorney**

Campbell Centre I - North Tower
8350 N Central Expressway
Suite 1310
Dallas, Texas
75206-1639

T 214.724.5364
F 214.373.3455
*william@ritterlawworks.com*
www.ritterlawworks.com

April 7, 2015

Mr. Richard Wells
Real Estate Arbitrage Partners, LLC
6211 W Northwest Hwy, Ste 251
Dallas, TX 75225-3460

Mr. Allen Landerman
Allen Landerman, P.C.
16801 Addison Rd, Ste 125
Addison, TX 75001

Mr. Allen Landerman
Allen Landerman, P.C.
6211 W Northwest Hwy, Ste C253 C&D
Dallas, TX 75225-3460

Re:  Case No. 15-31502-HDH-7; United States Bankruptcy Court for
the Northern District of Texas, Dallas Division; In re: *Eric Kevin
Gormly and Leah Marie Gormly, Debtors*.

Dear Mr. Wells and Mr. Landerman:

I represent Eric and Leah Gormly in their bankruptcy filed 4/6/2015
seeking relief under Chapter 7 of the Bankruptcy Code. Enclosed is a copy of the
Court's Notice of Bankruptcy Case Filing.

Demand is hereby made for release of all property belonging to the
Debtor, to the bankruptcy estate, and to other persons for whom the Debtor
was holding property. A case filed under bankruptcy law creates an estate in
which creditors may not attach, seize, control or attempt to collect on a claim
that arose before the filing of the bankruptcy case. 11 U.S.C. § 362(a). You are

Mr. Richard Wells
Mr. Allen Landerman
April 7, 2015
Page 2

exercising control over property as described in the inventory previously provided you and your counsel. We have had no response from Mr. Landerman nor have we received any indication that he no longer represents you in this matter.

Failure to respond or reply to this letter will result in further action taken in the bankruptcy court to seek return of the property, including issuance of a show cause order, action to recover damages for violation of the automatic stay, and attorney fees incurred in connection with this matter.

Sincerely,


William F. Ritter, IV

cc: Eric and Leah Gormly